IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA WIDENER, et al.,

        Plaintiffs,

        vs.

PEACH TREE CLINIC, INC.;
MARYSVILLE IMMEDIATE CARE;
UNITED STATES OF AMERICA;[1]

        Defendants.

No. CIV S-11-3001 JAM EFB PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

      This case, in which plaintiffs proceed pro se, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Defendant United States of America moves to dismiss for lack of subject matter jurisdiction. Plaintiff Amanda Widener, on behalf of herself and her minor son, filed an opposition to the motion to dismiss.[2]

---

[1] The United States Attorney for the Eastern District of California, acting through David Shelledy, Chief of the Civil Division, filed a certification that defendants Judy Newman and Edgar Genato were acting within the scope of their employment at all times pertinent to the claims in the action. Accordingly, the United States was substituted for those parties as the proper defendant by operation of 28 U.S.C. § 2679(d)(2). *See* Dckt. No. 1-2.

[2] On December 14, 2011, plaintiff Amanda Widener also filed a notice of her intention to appeal. Dckt. No. 13. However, because no appealable order has issued in this case and because the notice was made on a California state form and does not indicate what plaintiff seeks to

1

On March 21, 2012, the court held a hearing regarding the motion to dismiss. Edward Olsen appeared on behalf of defendants; plaintiff appeared pro se. At the hearing, the court inquired about whether Marysville Immediate Care is a federally supported health care center; and whether this action can be dismissed with or without prejudice against the minor plaintiff, even though Ms. Widener does not have the authority to represent her minor son without retaining a lawyer. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). After the hearing, defendants filed a supplemental declaration indicating that both Peach Tree Clinic and Marysville Immediate Care Clinic are service delivery sites for Peach Tree Clinic, Inc., which is a federally supported health care center. Dckt. No. 20. Plaintiff filed a response to the supplemental declaration, stating that she acknowledges the supplemental declaration and is proceeding with her administrative claims. Dckt. No. 21. For the following reasons, the court recommends that the motion to dismiss be granted without prejudice.

I. BACKGROUND

Plaintiffs Amanda Widener and her minor son filed a complaint in the Yuba County Superior Court on July 20, 2011. Plaintiffs allege that Judy Newman of the Peach Tree Clinic and Marysville Immediate Care negligently treated them, denied treatment to plaintiffs, and engaged in patient abandonment. Dckt. No. 1-1 at 7, 9. Plaintiffs also name Dr. Genato, Medical Director, as a defendant in one section of the complaint. *Id.* at 4. On November 10, 2011, defendants removed this action to this court because the complaint alleges injury resulting from the performance of medical functions by an employee of the Public Health Service authorized by the Federally Supported Health Centers Assistance Act ("FSHCAA"). *See* 42 U.S.C. § 233(c).

////

////

---

appeal, the notice was not processed as an appeal and will be stricken.

## II. DISCUSSION

The United States moves to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that plaintiffs have failed to comply with the exhaustion requirement of the Federal Tort Claims Act ("FTCA"), which is a jurisdictional prerequisite to suit under the FSHCAA.  42 U.S.C. § 233(a).

Federal courts are courts of limited jurisdiction and a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994).  Plaintiff bears the burden of demonstrating the court's jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction").  "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary."  *See Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  In those circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.*; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

The FSHCAA provides that the FTCA is the exclusive remedy against the United States for injury resulting from the performance of medical functions by an employee of the Public Health Service.  *See* 42 U.S.C. § 233(a).  The FTCA's coverage extends to employees of designated federally supported medical clinics.  42 U.S.C. § 233(g).  Here, plaintiffs seek to sue Judy Newman and Edgar Genato, and lists both Peach Tree Clinic and Marysville Immediate Care in their complaint.  In a supplemental declaration filed on March 21, 2012, Meredith Torres, Office of the General Counsel, Department of Health and Human Services, attests that Peach Tree Clinics, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2011, and that its coverage has continued without interruption since that

3

time; that Peach Tree Clinic and Marysville Immediate Care Clinic are service delivery sites for Peach Tree Clinic, Inc.; and that Dr. Edgar Genato and Judy Newman were employees of Peach Tree Clinics, Inc., at all times relevant to plaintiffs' claim. *See* Dckt. No. 20 at 2. On these facts, which plaintiffs do not dispute, plaintiffs' exclusive remedy is to proceed pursuant to the FTCA, and they must comply with its requirements.

Under the doctrine of sovereign immunity, actions against the United States may not be maintained except by its express consent. *United States v. Testan*, 424 U.S. 392, 400 (1976); *Doe v. Attorney Gen. of U.S.*, 941 F.2d 780, 788 (9th Cir. 1991). Although Congress has consented to suits against the United States under the FTCA, prior to litigating a tort claim against the United States, a plaintiff must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The action may not be instituted until an administrative claim has "been finally denied by the agency in writing and sent by certified or registered mail." *Id.* The administrative claim requirement under the FTCA is jurisdictional and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Further, the exhaustion requirement is strictly construed. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions . . . . We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." *Id.* (internal citations omitted).

Here, plaintiffs have not met their burden of demonstrating that they have exhausted administrative remedies. Although Meredith Torres, an attorney for the Department of Health and Human Services, attests that plaintiff filed an administrative claim on March 7, 2012, Dckt. No. 20 at 1-2, that claim was filed after this action was commenced, and no final determination has yet been made on the administrative tort claim, *id.* at 2. As noted above, a civil action may not be instituted until an administrative claim has been finally denied by the agency at issue.

////

4

Plaintiffs do not claim that they have properly exhausted their administrative remedies. Nor do they argue that the medical professionals were acting outside of the scope of their employment with respect to any of the incidents forming the basis for this lawsuit. Therefore, plaintiffs' claims must be dismissed without prejudice for lack of jurisdiction.[3]

III. CONCLUSION

Accordingly, it is hereby ORDERED that plaintiffs' notice of intention to appeal, Dckt. No. 13, is stricken. IT IS FURTHER RECOMMENDED that:

1. The motion to dismiss for lack of jurisdiction be granted;

2. Plaintiffs Amanda Widener and her minor son's claims against the United States, sued as Judy Newman--Peach Tree Clinic and Marysville Immediate Care, and Dr. Edgar Genato, be dismissed without prejudice; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[3] As indicated at the March 21, 2012 hearing, the court was concerned about dismissing this action against Ms. Widener's minor son without adequate representation. Although the Yuba County Superior Court appointed Amanda Widener as a guardian ad litem for her minor son, Dckt. No. 1-1 at 13, as noted above, Ms. Widener is proceeding pro se. The right to represent oneself pro se is personal to Ms. Widener and does not extend to her son. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Nonetheless, for the reasons stated herein, the fundamental barrier to suit here is jurisdictional. This court simply lacks jurisdiction over these claims and is therefore required to dismiss this action. Because the claims are dismissed *without* prejudice, if plaintiffs' administrative claim is denied, the minor's claims may be reasserted at a later time. *Id.* at 878. If they are timely refiled the guardian for the minor is cautioned to seek counsel for representation of the minor's claim.

1 shall be served and filed within fourteen days after service of the objections. Failure to file
2 objections within the specified time may waive the right to appeal the District Court's order.
3 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
4 Cir. 1991).

5 DATED: April 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE